## D. B. GRIGSBY v. WILLIAM CARUTH.

(Case No. 4578.)

1. ESTOPPEL IN PAIS.— One who had received through a decree of the probate court partition of the community interest of his father in a league of land, sold a portion of the tract allotted to him, and afterwards sold the remainder thereof, reciting in his deed that it was the remainder of lot 3, partitioned to him in the division of the league.  In that partition the existence of the community interest of the ·mother was not recognized, though the entire league was partitioned.  In a contest between this heir claiming an interest inherited from the mother, and a third party who had purchased and who was not in privity with him, an estoppel *in pais* was pleaded against the heir.  *Held,*

(1) It not being shown that the recitals in the deed of the heir influenced the purchase, the true state of the title being equally known to both parties, and no fraudulent concealment or representation being shown as an inducement to make the purchase, there was no estoppel *in pais.*

APPEAL from Dallas.  Tried below before A. S. Lathrop, special judge.

The opinion states sufficiently the case.  The brief in support of the motion for rehearing has not reached the reporter.

*Richard Morgan* and *Jeff. Word,* for appellant.

*Hancock & West* and *Stemmons & Field,* for appellee.

BONNER, ASSOCIATE JUSTICE.— This is a branch of the same case decided on a previous day of the term — William Caruth *v.* D. B. Grigsby *et al.,* No. 4554, *infra,* and that case is referred to for a full statement of the respective titles and issues relied upon by the parties.

The suit below resulted in a judgment in favor of one of the plaintiffs, Maria Louisa Swindle, and against the other plaintiff, Daniel B. Grigsby, who is the appellant here — William Caruth, the appellant in that case, being the appellee now.

The court in the charge to the jury, as to both plaintiffs, held that the partition proceedings in the probate courts of Houston and Anderson counties, in the matter of the estate of John Grigsby, deceased, did not operate as an estoppel of record, but as to the plaintiff Daniel B. Grigsby he further instructed the jury, that if he made a subsequent sale of the land which he received in that partition, and referred to it in his deed as his source of title, that this would operate against him as an estoppel *in pais,* and would bar his right of recovery.  This is the question presented for our de-

cision on the present appeal, and is made both by objections to the general charge as given, and to the refusal of a special charge asked.

The general charge on this subject was as follows:

"You are charged that if you believe, from the evidence, that Daniel B. Grigsby accepted the portion of land set aside to him by the probate court of Anderson county in the attempted partition of the league and labor survey originally granted to John Grigsby, and afterward conveyed it by deed or deeds, referring to such partition as his source of title, he will be concluded as respects the property embraced in the petition, and you will find for the defendant William Caruth, against the plaintiff Daniel B. Grigsby."

The charge asked by the plaintiff, and refused, was as follows:

"If you believe, from the evidence, that the portion of the John Grigsby league and labor of land allotted to the said D. B. Grigsby in the aforesaid partition of John Grigsby's estate, as evidenced by the transcript from Anderson county read in evidence by the defendant, was afterwards sold and conveyed by the said D. B. Grigsby by deed or deeds, referring to said partition as his source of title; and if you further believe, from the evidence, that the said D. B. Grigsby, at the time that he sold said land and made said deeds as aforesaid, was aware of his rights as an heir of his mother in the said league and labor of land; and if you further believe, from the evidence, that the defendant Caruth, or any of the parties under whom he (Caruth) claims the land now claimed by him in this suit, knew of these sales so made by D. B. Grigsby as aforesaid, and was induced by the sales so made by D. B. Grigsby as aforesaid to believe that the said D. B. Grigsby did not have any interest as an heir of his mother in said league and labor of land, and except for this belief would not have purchased said land now claimed by said Caruth, then you are instructed that the said D. B. Grigsby would be estopped from asserting any title to said land as an heir of his mother against the said Caruth. But if you believe, from the evidence, that the said Caruth and his vendors were not induced to make said purchase by their knowledge of the said sales so made by D. B. Grigsby as aforesaid, then the said D. B. Grigsby is not estopped from asserting any interest he may have as an heir of his mother in the land in controversy in this suit."

It will be thus seen that the question upon which the right of plaintiff Grigsby was made to depend, was whether or not he had sold the land allotted to him in the partition of the estate of John Grigsby, deceased, and had referred in his deeds to the partition as his source of title.

In the judgment of the court below, from which the present appeal is taken, as well in that of this court in the former case of William Caruth v. D. B. Grigsby et al., the partition in the probate court was held to be that of the estate of John Grigsby only, and not of the community interest therein of Louisa Grigsby, the mother of the appellant, and through whom he claims in this suit.

Assuming these judgments to be correct in this particular, then did said sale by appellant Grigsby operate as an estoppel against his right to sue for his interest derived through his mother, Louisa Grigsby, to the land in controversy?

The doctrine of equitable estoppel, or estoppel *in pais*, has been the subject of frequent discussion in this and other courts. We shall content ourselves with a simple statement of the result of our own decisions, so far as applicable to the facts of the present case.

In the case of Scoby v. Sweatt, 28 Tex., 730, it was held to be the well established doctrine, that the basis upon which such estoppel rests is actual or constructive fraud; and that when predicated upon the acts or admissions of the other party, they must be shown to have had a direct or immediate influence upon the conduct of the one claiming its benefit.

This decision was cited with approval in the subsequent case of Page v. Arnim, 29 Tex., 70. In this latter case, the language of Mr. Chief Justice Fields in Boggs v. Murced, 14 Cal., 367, is quoted as follows:

"It is undoubtedly true, that a party will, in many instances, be concluded by his declarations or conduct which have influenced the conduct of another to his injury. The party is said, in such cases, to be estopped from denying the truth of his admissions. But to the application of this principle, with respect to the title of real property, it must appear, *first*, that the party making the admission, by his declaration or conduct, was apprised of the true state of his own title; *second*, that he made the admission with the express intention to deceive, or with such careless and culpable negligence as to amount to constructive fraud; *third*, that the other party was not only destitute of all knowledge of the true state of the title, but of the means of acquiring such knowledge; and further, that he relied directly on such admission, and will be injured by allowing its truth to be disproved."

The doctrine of the above case was approved, with the qualification " that a party may be estopped by acts and declarations which were designed to influence another who has acted upon them, although both parties were ignorant that what is thereby represented

is not true; for if one of two innocent parties must suffer, he through whose agency the loss occurred should sustain it." 29 Tex., 72.

The only authority relied on by counsel for appellee Caruth, to support the charge of the court below, is the case of Millican v. Millican, 24 Tex., 426. That case, on this question, virtually decides that if one who was not a party to a partition accept the portion allotted to him, and afterwards conveys it by deed, referring therein to the partition as his source of title, he will be concluded as respects the property embraced in the partition. Mr. Ch. J. Wheeler, in the opinion, speaking of the party held to be estopped, says: " But if she was not a party to the partition, she accepted the portion of the estate allotted to her by the judgment of the court, and afterwards conveyed it away by deed, referring therein to the decree of partition as the source of derivation of her title. It would seem, therefore, that the widow and those claiming under her, and the heirs of the intestate, must be deemed concluded by the partition, as respects the property embraced therein." 24 Tex., 439.

The above case does not sustain the position relied upon by counsel for appellee Caruth, to the extent contended for by him in the one now before the court, in this: that in the former the estoppel applied only to the property actually embraced in the partition, when it is sought here to apply it, not solely to the estate of John Grigsby, which alone was actually embraced in the partition under consideration, but also to that of Louisa Grigsby, which was not so embraced and which is the interest here sued for.

The facts which constitute the alleged estoppel in the present case may be thus briefly stated: On February 18, 1860, appellant Grigsby sold to Hawpe, Laws and Burford one hundred and fifty acres of the land which had been partitioned to him. This deed, as descriptive of the land, recites that it begins at the fifth corner of lot 3, as partitioned to him, Daniel B. Grigsby. On August 18, 1866, he sold to Josiah Claypool the remainder of the tract, and, as descriptive thereof, recites that it is the remainder of lot No. 3, partitioned in the division of the Grigsby league.

Appellee Caruth claims title to part of the land embraced within the four hundred and ninety-one acres set apart to Elizabeth Meade, and not to any portion of that set apart to appellant Grigsby. His deeds refer to the partition, and describe the same as having been made between the heirs of John Grigsby. There is no privity between appellant Grigsby and appellee Caruth; no fraudulent concealments or fraudulent representations are shown on the part of appellant Grigsby as an inducement for appellee Caruth to make

his purchase; there was no peculiar knowledge of the title known to appellant which the law would not also impute to appellee. On the contrary, he is chargeable, as shown upon the face of his title, with notice of the existence of the community interest of Louisa Grigsby, in right of whom appellant sues. It does not appear that appellee Caruth had notice in fact that appellant Grigsby had sold the land allotted to him, or that he was in anywise influenced by the recitals in his deeds or was thereby induced to make his purchase.

The facts of the case, as applied to the law of estoppel *in pais*, did not authorize the charge of the court upon this subject.

There was error in the charge given and in the refusal of that asked, for which the judgment below is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 23, 1882.]

## ON MOTION FOR REHEARING.

GOULD, CHIEF JUSTICE.— In overruling the application of appellee for a rehearing in this case, we desire to say:

That the question of the warranty which the law implies in cases of partition between coparceners, or tenants in common, seems to us to be made for the first time in this court, and only in the application for rehearing. The question of estoppel, as affected by this implied warranty, is not regarded as having been properly before us, or as having been passed upon by us. Nor has the question of estoppel been passed upon otherwise than as presented in the record. The motion is overruled.

OVERRULED.

[June 26, 1882.]